UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEPHEN MCWILLIAM, individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.                                     CASE NO.:

SUCCESS LENDING, LLC,

        Defendant.

                                           /

## <u>NOTICE OF REMOVAL</u>

Defendant Success Lending, LLC ("Success"), through counsel and pursuant to 28 U.S.C. §§ 1331, 1441, 1446, removes the above-captioned civil action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. This Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Success states:

## I.    BACKGROUND AND PROCEDURAL POSTURE

1.    On June 24, 2025, Plaintiff Stephen McWilliam ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Success in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Stephen McWilliam v. Success Lending, LLC*, Case. No. CACE-25-009288 ("State Court Action").

2.    Plaintiff sues Success for alleged text messages in violation of the Telephone Consumer Protection Act ("TCPA"), a federal statute codified at 47 U.S.C. § 227, *et seq*. *See* Compl. ¶¶ 1, 22, 54–62.

3.      On or about June 30, 2025, Success was served with a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this removal is based.

4.      This removal is timely because it is being filed within thirty (30) days of service of the Complaint upon Success. *See* 28 U.S.C. §§ 1446(b), 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).

5.      The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is the district and division within which this action is pending under 28 U.S.C. §§1441(a), 1446(a), and is, therefore, the proper venue for this action.

6.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" docketed in the State Court Action are attached as **Exhibit A**.

7.      Pursuant to 28 U.S.C. § 1446(d), Success has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel. Success is also contemporaneously filing a Notice of Removal in the State Court Action, a copy of which is attached as **Exhibit B.**

8.      As set forth below, this case is properly removed to this Court because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.      REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION

9.      Plaintiff's claims arise out of text messages he allegedly received from Success in purported violation of the TCPA. *See* Compl. ¶ 22.

10.     This Court has original jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff's sole cause of action arises directly under the laws of the United States, 47 U.S.C. § 227, *et seq*. Accordingly, this Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court. *See* 27 U.S.C. § 1441; *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

## III.      RESERVATION OF RIGHTS

11.      In filing this Notice of Removal, Success does not waive and expressly reserves any defenses, exceptions, rights, and motions. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses"). No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint. Similarly, by filing this Notice of Removal, Success does not agree class certification is appropriate and reserves all defenses and arguments concerning the same.

12.      Success reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Success respectfully requests that the above-captioned action now pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

3

Dated: July 30, 2025

**MCGUIREWOODS LLP**

*/s/ Emily Y. Rottmann*
Emily Y. Rottmann
Florida Bar No. 93154
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
erottmann@mcguirewoods.com
flservice@mcguirewoods.com

*Attorneys for Defendant Success Lending, LLC*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 30, 2025.  I also certify that the foregoing document is being served this day via e-mail on the following counsel:

EGGNATZ PASCUCCI
Joshua H. Eggnatz, Esq.
Florida Bar No. 67926
Michael J. Pascucci, Esq.
Florida Bar No. 83397
7450 Griffin Road, Suite 230
Davie, FL 33314
(954) 889-3359
(954) 889-5913 (fax)
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com
SGizzie@JusticeEarned.com

LEHRMAN LAW
Seth M. Lehrman, Esq.
Florida Bar No. 132896
6501 Park of Commerce Blvd., Suite 253
Boca Raton, FL 33487
(754) 778-9660
Seth@Lehrmanlaw.com

*Attorneys for Plaintiff Stephen McWilliam and Class*

*/s/ Emily Y. Rottmann*
Attorney

5