NOTICE OF REMOVAL

# COMPOSITE
# EXHIBIT A

**State Court Docket and Filings**

*Stephen McWilliam v. Success Lending, LLC*
**U.S. District Court, Southern District of Florida, Fort Lauderdale Division**

## STEPHEN MCWILLIAM Plaintiff vs. SUCCESS LENDING, LLC Defendant

**Broward County Case Number:** CACE25009288
**State Reporting Number:** 062025CA009288AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 06/24/2025
**Court Location:** Central Courthouse
**Case Status:** Active
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Davis, N. Hunter

### Party(ies)
Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ⭐ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **MCWILLIAM, STEPHEN** | | ⭐ Eggnatz, Joshua H, ESQ. Retained Bar ID: 67926 Eggnatz Pascucci PA 7450 Grffin Rd. Suite 230 Davie, FL 33314 **Status: Active** |
| Defendant | **SUCCESS LENDING, LLC** | | |

### Disposition(s)
Total: 0

| Date | Statistical Closure(s) | |
|---|---|---|
| Date | Disposition(s) | View / Pages |

### Collection(s)
Total: 0

There is no Collection information available for this case.

## Event(s) & Document(s)

Total: 4

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 06/25/2025 | **eSummons Issuance** | Party: *Defendant* Success Lending LLC | /3 |
| 06/24/2025 | **Per AOSC20-23 Amd12, Case is determined General** | | |
| 06/24/2025 | **Civil Cover Sheet** | Amount: $100,001.00 | /3 |
| 06/24/2025 | **Complaint (eFiled)** | | /17 |

## Hearing(s)

Total: 0

There is no Disposition information available for this case.

## Related Case(s)

Total: 0

There is no related case information available for this case.

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

STEPHEN MCWILLIAM, individually
and on behalf of all others similarly situated

Plaintiff,

vs.

SUCCESS LENDING, LLC,

Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, STEPHEN MCWILLIAM (hereinafter "Plaintiff"), brings this class action against SUCCESS LENDING, LLC. ("Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's personal and residential cellular telephone, in violation of the TCPA, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

2.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

3.     The TCPA was designed to prevent unwanted calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. The Federal Communications Commission (FCC) reports that unwanted calls constitute its top consumer complaint. *See* Federal Communications Commission, *Stop Unwanted Calls and Texts* (Mar. 2, 2021), https://www.fcc.gov/consumers/guides/stop-unwanted-calls-and-texts (last visited Apr. 16, 2021). In the fiscal year 2020, the Federal Trade Commission (FTC) received 293,071 complaints from Florida consumers about unwanted telephone calls. *See* Federal Trade Commission, *Do Not Call Data Book 2020* (Oct. 2020), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year2020/dnc_data_book_2020.pdf (last visited Apr. 16, 2021).

4.     The FCC has explicitly stated that the TCPA's prohibition "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

5.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the

2

only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] Unwanted calls are the number one consumer complaint to the Commission.[2]

7.      The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

8.      The TCPA was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

9.      Plaintiff and each Class Member received unwanted calls from Defendant without proper regard to the TCPA and the Do-Not-Call Rules, and in disregard for individual privacy. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry. This lawsuit challenges all calls that were placed by or on behalf of Defendant to Plaintiff

---

[1].      *In re Rules & Regs. Implementing the TCPA,* 30 FCC Rcd. 7961, ¶ 1 (2015).
[2].      *Rep. to Cong. on Caller Id Authentication Implementation Progress,* 2020 WL 7863050, at *1 (OHMSV Dec. 29, 2020)

3

and Class Members from approximately June 2021, through the date of preliminary approval of class certification.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to Florida Statute § 501.059; Florida Statute § 26.012(2) and Florida Rule of Civil Procedure 1.220. The amount in controversy exceeds the sum or value of $50,000 exclusive of interest, costs, and attorney's fees.

11. Venue in this judicial district is proper under § 47.011, because a substantial part of the events or omissions giving rise to the claims in this case occurred in this county, including Defendant's transmission, either directly or through persons on its behalf, of the unlawful and unwanted calls to Plaintiff and other Class Members in this county, on their residential telephone numbers with Florida area codes – consumers with Florida area codes, including those who were registered with the National DNC Registry.

12. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, solicits consumers to purchase and promote its products and services in this state, and it has availed itself to the jurisdiction of the State of Florida by authorizing and transmitting the subject unauthorized telemarketing calls to Class Members in this state.

## PARTIES

13. Plaintiff's domicile is in Florida. He resides in Broward County.

14. Class Members are citizens of the United States, including within the State of Florida.

15. Defendant is a Delaware company operating in the State of Florida. Defendant lists its principal address as 1750 E. Golf Road, Suite 240, Schaumburg, IL 60173. Its Registered Agent

4

is the Registered Agent Solutions, Inc., at 901 S. 2ND STREET SUITE 201 SPRINGFIELD, IL 62704.

16.     Defendant uses a business model whereby it promotes its business – a real estate mortgage brokerage & lending company – by sending telemarketing solicitation calls and text messages to wireless cell phone users, including Plaintiff and Class Members, regardless of the time of day and if they have consent to do so.

17.     Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited telemarketing calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

18.     Defendant engages in the marketing, promotion, and sale of mortgage origination & brokering services.

19.     Defendant, through its authorized sales agents, employees, marketers, lead generators, vendors, and/or contractors promotes its products and services, including employment and commission opportunities, through the use of the unlawful telemarketing campaign.

20.     To increase the sales volume and profits of its products and services, Defendant and/or its authorized sales agents repeatedly texted mortgage loan originators using an automated system for the selection and dialing of telephone numbers.

21.     Defendant makes these calls with no regard for the time of day and/or if the recipients are members of the Do-Not-Call Registry.

5

22.     At issue in this action, is *at least* 3 telemarketing messages placed by or on behalf of Defendant to Plaintiff to his personal and residential DNC registered telephone number since at least May 2025, including on:

May 14, 2025; May 27, 2025; and June 3, 2025



11:57                                             .ıl 🤍 80

‹ 58                        ⬤
                    +1 (630) 580-1361

                    Text Message • SMS
                    Wed, May 14 at 11:31 AM

Hi Stephen, this is Kevin R. from SL. We are owned by EXP Realty and are in search of mortgage sales leaders to oversee realtor relationships in your market. If you're interested, I would love to discuss this opportunity further. Are you available for a brief call this week?

                    Tue, May 27 at 11:51 AM

Hi Stephen, I hope this message finds you well. Our opportunity at Success Lending offers significant growth potential and the chance to work with leaders at eXp Realty. Do you have 15 minutes this week to discuss how you could make an impact with us?

                    Tue, Jun 3 at 12:16 PM

Hi Stephen, I hope all is well. I didn't want you to miss out on the opportunity with EXP Realty that's been helping many loan officers grow their business. Can we schedule a quick call to discuss? -Kevin R.

You have successfully been unsubscribed. You will not receive any more messages from this number.

+

6

23.     Because of the continued violations despite placing his number on the national DNC registry, Plaintiff is entitled to an enforceable injunctive order from the Court to stop the on-going violations.

24.     Plaintiff's full telephone number will be provided directly to counsel for Defendant. It is not being provided in this Complaint, a public document, to prevent further unwanted and unauthorized calls to him.

25.     Defendant's agent identified Defendant as the source of the unlawful communications in the text messages by stating she was from "Success Lending" and by providing its telephone number.

26.     All of the telemarketing placed by Defendant to Plaintiff were sent for the purpose of promoting Defendant's business.

27.     At no time did Plaintiff consent to receiving unsolicited telemarketing phone calls or text messages from Defendant.

28.     Because of the repeated barrage of unsolicited and unwanted calls, Plaintiff was forced to register his personal and residential cell phone number ending in 6771 on the National Do-Not-Call ("DNC") Registry on or about June 29, 2003.

### National Do Not Call Registry - Your Registration Is Confirmed
1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>                              Sat, Jan 14, 2023 at 12:11 PM
To: sbmcwilliam@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 6771 on June 29, 2003. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

7

29. Defendant continued to text Plaintiff more than 30 days after he registered his number on the DNC Registry.

30. At all times relevant herein, Plaintiff was the subscriber or customary user of his residential cellular telephone number that Defendant called and is financially responsible for phone service, including the cellular costs and data usage incurred as a result of the calls made to Plaintiff by Defendant.

31. Plaintiff did not provide Defendant or its agents prior express written consent, or any consent whatsoever, to receive calls or texts from Defendant.

32. Defendant's failure to honor opt-out instructions by Plaintiff and the Class members is indicative of Defendant's failure to 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

33. Defendant failed to keep, maintain, implement, and/or enforce policies and procedures to ensure compliance with the TCPA, and/or provide adequate oversight to ensure compliance with any policies it maintained.

34. Upon information and belief, the selection and dialing of numbers for the texts at issue are done using an automated system because the texts were sent from telephone numbers used to message consumers en masse; because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making calls/texts without manually dialing the recipients numbers; and because the hardware and software used by Defendant to send such calls/texts have the capacity to both select numbers to be dialed and to dial such numbers in an automated fashion based on predetermined, programmed, or random criteria or settings.

8

35.     Defendant fails to scrub numbers against the national DNC registry before placing telemarketing text messages.

36.     Defendant's automated system selects and dials numbers from a lead list of numbers to be dialed without regard to whether those numbers have been placed, or should have been placed, on Defendant's internal DNC list or on the national DNC list. If it was not automated, human intervention would have prevented the texts from being placed to a number that was on the national DNC list.

37.     Defendant placed the calls to Plaintiff and Class Members regardless of whether these individuals had provided express written consent or had registered their phone numbers on the National Do-Not-Call-Registry.

38.     Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's cellular data, phone storage, and battery life, his privacy was wrongfully invaded, his seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted, harassing, time consuming, and nuisance phone calls, forcing him to divert attention away from personal time, homelife, and work, and causing disruption to his work, sleep, and other activities. The calls are a disruptive nuisance. Not only did the receipt of the phone calls distract and take time away from Plaintiff's personal and work activities, but Plaintiff was also forced to spend significant time investigating the source calls. *See Drazen v. GoDaddy.com, LLC,* No. 21-10199 (11th Cir. July 24, 2023 (en banc) ("A plaintiff who receives an unwanted, illegal text message suffers a concrete injury"); *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury... is enough for standing purposes"); *See, e.g., Mims v. Arrow Fin. Servs., Inc.,* 132 S. Ct.

9

740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

39.     Class Members have similarly suffered harm. "These calls aren't just a nuisance—they add up to billions of dollars lost to fraud, undermine consumer confidence in the phone network, and harm public safety."[3]

## CLASS REPRESENTATION ALLEGATIONS

40.     Plaintiff brings this class action under Rule 1.220 of the Florida Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **DNC Class: All persons within the United States who (1) were sent at least two text message by or on behalf of Defendant (2) within a 12-month period from or on behalf of Defendant within the four years prior to the filing of this Complaint; (3) and such person had previously included their number on the National Do Not Call Registry at least 31 days prior to receiving the first text message from Defendant; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

41.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through Defendant's call records.

42.     Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified, including by

---

[3].     *Fcc Mandates That Phone Companies Implement Caller Id Authentication to Combat Spoofed Robocalls*, 2020 WL 1634509, at *2 (OHMSV Mar. 31, 2020)

narrowing TCPA class definitions to those persons called in the State of Florida as may be legally or factually proper.

43.     **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized robo call campaign electronically sent to particular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

44.     Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's phone logs, vendor records and marketing records.

45.     Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

46.     **Class-Wide Relief under 1.220(b)(1) – The Existence and Predominance of Common Questions of Fact and Law**: Class-wide adjudication of Plaintiff's claims is appropriate to prevent inconsistent or varying adjudications concerning individual members of the class, which would establish incompatible standards of conduct for Defendant. Additionally, adjudications concerning individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not named parties to the case, or substantially

11

impair or impede the ability of other members of the class who are not parties to the adjudication to protect their interest.

47.    **Class-Wide Relief under 1.220(b)(3) – The Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a.   Whether Defendant initiated telemarketing text messages sent to Plaintiff and Class members;

    b.   Whether Defendant initiated telephonic sales calls Plaintiff and Class members

    c.   How Defendant obtained the numbers of Plaintiff and Class members;

    d.   Whether Defendant can meet its burden of showing that it had prior express written consent to send such texts;

    e.   Whether Defendant willfully or knowingly violated 47 C.F.R § 64.1200(d);

    f.   Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

    g.   Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

    h.   Whether Plaintiff and the Class are entitled to any other relief.

48.    One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification.

49.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the Florida Telephone Solicitation Act, Florida Statue §501.059 and the TCPA.

50.     Plaintiff and members of the Class each received at least one telephonic sales call, advertising Defendant's services without prior express written consent, which Defendant sent or caused to be sent to Plaintiff and the members of the Class.

51.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in TCPA litigation and class action litigation.

52.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the

13

conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

53.     **Class-Wide Injunctive Relief and Rule 1.220(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 1.220(b)(1) or Rule 1.220(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
### (On Behalf of Plaintiff and the
### Do Not Call Registry Class)

54.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 53 of this Complaint as though fully stated herein.

55.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

14

56.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[4]

57.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

58.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

---

[4].   *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

61.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

62.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per call, for each TCPA violation;

c. Willful damages at $1,500 per call, for each TCPA violation;

d. A declaration that Defendant's practices described herein violate the Florida Telephone Solicitation Act, Florida Statute §501.059 and the TCPA;

e. An injunction prohibiting Defendant from using an automated system for the selection and dialing of telephone numbers to call numbers assigned to cellular telephones without the prior express written consent of the called party, prohibiting Defendant from calling individuals registered on the Do-Not-Call Registry, and prohibiting Defendant from contacting individuals who have requested to no longer be contacted;

16

f.   Reasonable attorney's fees and costs; and

g.   Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 24, 2025.

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
EGGNATZ | PASCUCCI
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com
SGizzie@JusticeEarned.com

Seth M. Lehrman, Esq.
Fla. Bar No.: 132896
LEHRMAN LAW
6501 Park of Commerce Blvd., Suite 253
Boca Raton, FL 33487
Tel: (754) 778-9660
Seth@Lehrmanlaw.com

Attorneys for Plaintiff and Class

17

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Stephen McWilliam</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>Success Lending LLC</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.     TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joshua H. Eggnatz        Fla. Bar # 67926
      Attorney or party             (Bar # if attorney)

Joshua H. Eggnatz           06/24/2025
  (type or print name)          Date

- 3 -

CIVIL ACTION SUMMONS

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. CACE-25-009288

STEPHEN MCWILLIAM, individually and on
behalf of all others similarly situated,

       Plaintiff,

       -vs-

SUCCESS LENDING, LLC,

       Defendant.

_____/

## SUMMONS
### PERSONAL SERVICE ON A CORPORATION

TO DEFENDANT(S):

Success Lending, LLC
Registered Agent Solutions, Inc., as Registered Agent
901 S. 2nd Street, Suite 201
Springfield, IL 62704

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court, located at 201 SE 6th Street, Fort Lauderdale, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
**EGGNATZ | PASCUCCI**
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
Mpascucci@JusticeEarned.com
Sgizzie@JusticeEarned.com

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED ON _____ JUN 26 2025 _____, 2025.

(SEAL)                          CLERK OF THE CIRCUIT COURT

                                BY:_____
                                         Deputy Clerk

(See reverse side)
(Vease al reves)
(Voir de l'autre cote de)

                                BRENDA D. FORMAN

## SEVENTEENTH CIRCUIT – BROWARD:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711."**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser

2

despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, an meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse scrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3