UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEPHEN MCWILLIAM, individually and on behalf of all others similarly situated,

CASE NO: 0:25-CV-61535-WPD

Plaintiff,

v.

SUCCESS LENDING, LLC,

Defendant.

______________________________________/

## DEFENDANT SUCCESS LENDING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant SUCCESS Lending, LLC ("SUCCESS Lending"), pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), submits its Motion to Dismiss the Complaint filed by Plaintiff Stephen McWilliam ("Plaintiff"). In support of this Motion, SUCCESS Lending states as follows.

## INTRODUCTION

This case stems from three text messages allegedly sent by SUCCESS Lending to a phone number that Plaintiff alleges is registered on the National Do-Not-Call Registry ("NDNCR"). Dkt. 1-2 ("Compl.") ¶ 22. Plaintiff alleges that the three text messages constitute "telephone solicitations," which Plaintiff asserts violate the prohibition on "telephone solicitations" to phone numbers on the NDNCR under the TCPA, 47 U.S.C. § 227(c)(5), and its implementing regulation, 47 C.F.R. § 64.1200(c). Plaintiff brings a single count against SUCCESS Lending under Section 227(c)(5) of the TCPA. Compl. ¶¶ 54–62.

Plaintiff fails to state a claim under the TCPA, however, because (1) the text messages at issue were not "telephone solicitations," rather, they were offering an employment opportunity; and (2) the type of TCPA violation Plaintiff is pursuing does not apply to text messages.

*First*, to state a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), Plaintiff must establish that the text messages he received constitute "telephone solicitations." *See* 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) (prohibiting "telephone solicitations" to phone numbers registered on the NDNCR without an applicable exception). A "telephone solicitation" means a call made "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" *See* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). It is well-established that text messages offering employment opportunities do not constitute telephone solicitations because they do not encourage a purchase, rental, or investment in any goods or services, rather, they are opportunities to earn money.

*Second*, 47 U.S.C. § 227(c)(5) does not apply to text messages. Section 227(c) itself expressly prohibits "telephone solicitations to a residential telephone subscriber" via "telephone calls" to numbers on the NDNCR. See 47 U.S.C. § 227(c)(5). Although Plaintiff may assert, albeit incorrectly, that the Federal Communications Commission ("FCC") previously interpreted "calls" encompass text messages for purposes of Section 227(c) and that courts have deferred to that interpretation under the belief that agency guidance must be given deference, the Supreme Court in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, recently ruled that is not the case. Under the Supreme Court's ruling in *McLaughlin*, in interpreting a statute, district courts must independently review the statutory language to determine the plain meaning rather than rely upon agency interpretation. 606 U.S. 146, 147 (2025). Here, a plain reading of the text of Section 227(c) shows that the prohibitions related to making telephone solicitations to phone numbers on the NDNCR applies to phone calls—not text messages. *Jones v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074, 2025 WL 2042764, at *6 (C.D. Ill. July 21, 2025).

Thus, Plaintiff fails to state a claim, and his complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

SUCCESS Lending, as Plaintiff alleges, is a real estate mortgage brokerage and lending company. Compl. ¶ 16. Plaintiff alleges he received three text messages from SUCCESS Lending on May 14, 2025, May 27, 2025, and June 3, 2025, to a phone number registered on the NDNCR. *Id.* ¶¶ 22, 28-29. Plaintiff alleges in a conclusory fashion that the text messages were "sent for the purpose of promoting Defendant's business." *Id.* ¶ 26. However, Plaintiff includes screenshots of the text messages that demonstrate the purpose of the text messages was to offer a mortgage sales leader employment opportunity to Plaintiff:

> **Wed, May 14:** Hi Stephen, this is Kevin R. from SL. We are owned by eXp Realty and are in search of mortgage sales leaders to oversee realtor relationships in your market. If you're interested, I would love to discuss this opportunity further. Are you available for a brief call this week?
>
> **Tue, May 27:** Hi Stephen, I hope this message finds you well. Our opportunity at SUCCESS Lending offers significant growth potential and the chance to work with leaders at eXp Realty. Do you have 15 minutes this week to discuss how you could make an impact with us?
>
> **Tue, Jun 3:** Hi Stephen, I hope all is well. I didn't want you to miss out on the opportunity with eXp Realty that's been helping many loan officers grow their business. Can we schedule a quick call to discuss? -Kevin R.

*Id.* ¶ 22.[1]

---

[1] It is logical that SUCCESS Lending, a real estate mortgage brokerage and lending company (Compl. ¶ 16), would be offering an employment opportunity to Plaintiff, a licensed real estate broker and mortgage loan originator. *See* Real Estate Broker License Information, Florida Department of Business & Professional Regulation, available at: https://www.myfloridalicense.com/LicenseDetail.asp?SID=&id=923F13BD6BAEA00C9F0487C5DCEC7C6E (public record showing Plaintiff is a licensed real estate broker); *see also* Mortgage Loan Originator License Information, Nationwide Multistate Licensing System, available at: https://www.nmlsconsumeraccess.org/EntityDetails.aspx/INDIVIDUAL/375690 (public record demonstrating that Plaintiff is a licensed mortgage loan originator). It is well-settled that the Court may consider public records like the ones cited here on a motion to dismiss. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider" on a motion to dismiss); *see also Great White N. Franchisee Ass'n-USA, Inc. v. Tim Hortons USA, Inc.*, No. 20-CV-20878, 2021 WL 3168550, at *1, n.2 (S.D. Fla. July 27, 2021) (holding the same and considering public records from the Florida Secretary of State website on a motion to dismiss).

Plaintiff asserts a single claim for violation of the TCPA, but Plaintiff's own allegations establish that the text messages do not constitute "telephone solicitations" under the TCPA. And, because Plaintiff received text messages and not phone calls, his claims are not subject to 47 U.S.C. § 227(c)(5). Therefore, the claim against SUCCESS Lending should be dismissed.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept well-pleaded factual allegations as true when evaluating a motion to dismiss, it need not accept as true "bald assertions or unwarranted inferences drawn from the alleged facts." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 680 (11th Cir. 2018). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Complaints are properly dismissed with prejudice where amendment would be futile. *Rogers v. Nacchio*, 241 Fed. Appx. 602, 610 (11th Cir. 2007).

## ARGUMENT

Plaintiff's claims against SUCCESS Lending should be dismissed because (1) Plaintiff's own allegations establish that the text messages purportedly sent to Plaintiff were not "telephone solicitations" as required to state a claim under the NDNCR provisions of the TCPA, and (2) because the prohibitions under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) do not apply to text messages.

## I. Plaintiff Fails to Allege Facts Establishing the Text Messages Were "Telephone Solicitations."

Plaintiff fails to state a claim under the TCPA because the allegations are insufficient to establish that the text messages constitute "telephone solicitations." To state a claim under the NDNCR provisions of the TCPA, Plaintiff is required to allege facts establishing that the communications were telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2) ("no person or entity shall initiate any *telephone solicitation* to: a residential telephone subscriber who has registered [their] telephone number on the [NDNCR]") (emphasis added). A "telephone solicitation" is defined as a call made "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" *See* 47 U.S.C. § 227(a)(4), 47 C.F.R. § 64.1200(f)(15).

Plaintiff's own allegations establish that the text messages were not telephone solicitations. Though Plaintiff says in a conclusory fashion that "[a]ll of the telemarketing placed by Defendant to Plaintiff were sent for the purpose of promoting Defendant's business" (Compl. ¶ 20), this conclusory allegation, unsupported by any facts, should not be accepted as true. *Iqbal*, 556 U.S. at 679 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."); *see McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) ("[c]onclusory allegations are not entitled to the assumption of truth"). And, in any event, a text message "promoting Defendant's business" is insufficient to establish "telephone solicitations" because it says nothing about encouraging the purchase, rental, or investment in property, goods, or services. *See e.g.*, *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x. 230, 236 (11th Cir. 2011) (holding messages were not telephone solicitations because defendant "did not try to sell anything to [the plaintiff], and did not offer to provide her any services").

The only non-conclusory allegation regarding the text messages reveals the messages were not telephone solicitations because they offered an opportunity for employment. To support his

claim, Plaintiff provides a screenshot of the alleged text messages at issue which reveal on their face that the text messages are invitations for an employment opportunity. *Id.* ¶ 22. The first text message states that SUCCESS Lending is "in search of mortgage sales leaders to oversee realtor relationships in your market. If you're interested, I *would love to discuss this opportunity further*." *Id.* (emphasis added). The second text message states, "Our *opportunity at SUCCESS Lending* offers significant growth potential and the chance to work with leaders at eXp Realty." *Id.* (emphasis added). And the final text message states, "I didn't want you to miss out *on the opportunity with eXp Realty* that's been helping many loan officers grow their business." *Id.* (emphasis added).

It is well-established that an opportunity to earn money—such as offers for employment or job recruitment—do not constitute telephone solicitations. *See Suescum v. Family First Life, LLC*, No. 6:21-CV-1769-WWB-EJK, 2023 WL 311144, at *2 (M.D. Fla. Jan. 19, 2023) ("an opportunity to earn money does not constitute a solicitation") (citing *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-cv-1459-ORL, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013)); *Rockwell v. Medicus Healthcare Sols., LLC*, No. 24-CV-128-LJV, 2025 WL 959745, at *4 (W.D.N.Y. Mar. 31, 2025) (granting motion to dismiss holding "simply telling someone about a job opportunity, without more, does not fall within the ambit of the [TCPA]"); *Orea v. Nielsen Audio, Inc.*, No. 14–CV–04235–JCS, 2015 WL 1885936, at *3 (N.D. Cal. Apr. 24, 2015) ("an offer of employment or an opportunity to earn money… is…not a telephone solicitation."). Indeed, in *Rockwell*, the court stated that "several district courts have concluded that communications sent for the purpose of job recruitment, do not constitute…telephone solicitations." *Rockwell*, 2025 WL 959745, at *3 (citing *Friedman v. Torchmark Corp.*, 2013 WL 4102201, at *6 (S.D. Cal. Aug. 13, 2013) (concluding that messages were "intended to inform [p]laintiff of the opportunity to enter into an independent

contractor position with [d]efendant" and not "to offer goods or services for sale"); *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1094–97 (N.D. Cal. 2015) (finding that text messages "from Uber seeking to recruit drivers were not attempts to promote a 'good' (its application) to those drivers, but instead [were] attempt[s] to recruit drivers so that those potential drivers could provide services to riders"); *Gerrard v. Acara Sols. Inc.*, 469 F. Supp. 3d 96, 97 (W.D.N.Y. 2020) ("The text messages at issue alert Gerrard to an employment opportunity. They do not constitute advertisements or telemarketing within the meaning of the TCPA's implementing regulations.").

Among the cases that hold that offers for employment opportunities do not constitute telephone solicitations, *Gerrard* is particularly instructive. 469 F. Supp. 3d at 97. In that case, the plaintiff alleged that she received text messages regarding a job opening, which stated, "Hi, Superior Group has [a] job opening for Material Handler/Production Operator at Buffalo Grove, [Illinois]. Contract position," and in some instances directed the plaintiff to "call/text Amy" at a certain phone number if she was "interested" in the position. *Id.* In concluding that the text messages did not constitute "telemarketing,"[2] the court reasoned that the text messages "merely reference an employment opportunity" and did not "encourag[e] the purchase or rental of, or investment in," any "property, goods, or services." *Id.* at 99.

The same is true here: Plaintiff's failure to establish that the text messages were telephone solicitations dooms his TCPA claim against SUCCESS Lending. It is clear from the face of the

---

[2] While the court in *Gerrard* was assessing whether the text messages constituted "telemarketing" as opposed to "telephone solicitations," the analysis is applicable because the definition of "telemarketing" tracks the definition of "telephone solicitation." "Telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). Along the same lines, "telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* at § 64.1200(f)(13).

screenshots of the alleged text messages, that the text messages present Plaintiff an "opportunity at SUCCESS Lending" to "oversee realtor relationships in [the] market." Compl. ¶ 22. As set forth above, such text messages offering a job opportunity or opportunity to earn money are not "telephone solicitations" under the TCPA.

Accordingly, Plaintiff's complaint should be dismissed with prejudice because the text messages were not telephone solicitations, and no amendment can cure such deficiency. *See Rogers*, 241 Fed. Appx. at 610 (affirming dismissal of complaint with prejudice without leave to amend where the complaint could not be cured by amendment).

## II. Plaintiff's Claim Fails Because the Do-Not-Call Rules Under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) Do Not Apply to Text Messages.

Plaintiff's claim fails because she alleges that text messages were sent to a phone number registered on the NDNCR in violation of 47 U.S.C. § 227(c)(5) of the TCPA and its implementing regulation under 47 C.F.R. § 64.1200(c), but the prohibitions contained in those sections do not apply to text messages. *Jones*, 2025 WL 2042764, at *3. While Plaintiff may argue that the FCC—the agency charged with implementing the TCPA's requirements—previously interpreted 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c) as applying to text messages, district courts are no longer bound by the FCC's interpretation and must instead undertake an independent review of the statutory language to determine its meaning. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155 (2025).

In *McLaughlin,* the Supreme Court held that:

> In an enforcement proceeding, a district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.

*Id.* (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)). As a result of the Supreme Court's decision, this Court is not bound by prior FCC interpretations and instead is required to independently determine whether text messages apply to Section 227(c) of the TCPA.

In the wake of *McLaughlin*, at least one district court did just as *McLaughlin* instructed and independently analyzed the statutory language of Section 227(c) and properly found that Section 227(c) of the TCPA does not apply to text messages.[3] *Jones*, 2025 WL 2042764, at *3 ("Pursuant to *McLaughlin* and *Loper Bright*, the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages."). The *Jones* court's analysis is instructive here.

In *Jones*, the court analyzed the FCC orders that plaintiff relied upon to argue that the FCC previously interpreted Section 227(c)(5) to apply to text messages and concluded that it was not clear the FCC had ever reached that conclusion. *Jones*, 2025 WL 2042764, at *4. The *Jones* court explained that the various FCC orders relied upon by the plaintiff only referenced the TCPA's application to text messages under Section 227***(b)***, ***not*** 227(c). *Id.* Accordingly, the plaintiff's reliance on prior FCC orders to argue that 227(c) applied to text messages was misplaced.

Nevertheless, the *Jones* court went on to conduct its independent statutory analysis as instructed by *McLaughlin*. As set forth in *Jones*, "[u]nder the principles of statutory interpretation, a court must start with the text of the statute to ascertain its plain meaning." *Jones*, 2025 WL 2042764, at *4. The plain language of Section 227(c) of the TCPA demonstrates that it applies to

---

[3] SUCCESS Lending is aware of only one other court post-*McLaughlin* decision that has addressed the issue of whether text messages are subject to the prohibitions under 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c): *Wilson v. Skopos Fin., LLC*, No. 6:25-CV-00376-MC, 2025 WL 2029274 (D. Or. July 21, 2025). *Wilson* is not instructive, however, because the court did not undertake an independent analysis of the plain meaning of the text of the TCPA as required by *McLaughlin*, and instead relied solely on the FCC's interpretation. *Id.* at *4–5.

telephone calls, not text messages. Indeed, Section 227(c) provides a private right of action when a person "has received more than one ***telephone call*** within any 12-month period" on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). Relevant to Plaintiff's claims, those regulations include 47 C.F.R. § 64.1200(c), which prohibits the initiation of "any telephone solicitation" to residential phone numbers registered on the NDNCR. *See* 47 C.F.R. § 64.1200(c). Importantly, the term "text message" does not appear anywhere within 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c). Rather, only "call", "telephone call", and "artificial or prerecorded-voice telephone call" appear in Section 227(c) and its implementing regulations. *See* 47 U.S.C. § 227(c)(1)(D), (c)(5); 47 C.F.R. § 64.1200(c)(2)(iii), (d); *see also Jones*, 2025 WL 2042764, at *4 (engaging in similar analysis). Congress or the FCC could have included the term "text message" in 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c) but did not do so. In stark comparison, the FCC *did* indicate its intent to cover text messages in 47 C.F.R. § 64.1200(a)(9), which explicitly states that "the term 'call' includes a text message." *See* 47 C.F.R. § 64.1200(a)(9). But Section 64.1200(a)(9) is implemented under Section 227**(b)** of the TCPA, which is not at issue here. Compl. ¶¶ 54–60 (bringing claims under Section 227(c) only).

Because "Section 227(c)(5) simultaneously explicitly refers to a 'telephone call', a term not defined in the statute itself, and remains silent as to its application to text messages," the *Jones* court looked to other principles of statutory interpretation to determine Section 227(c)'s plain meaning. *Jones*, 2025 WL 2042764, at *4. Indeed, the court reasoned that "[t]ext messaging was not an available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages," and that in "today's American parlance, 'telephone call' means something entirely different from 'text message.'" *Id.* The *Jones* court reached the same result in rejecting the plaintiff's argument that Section 227(c) must apply to text messages in light of the

fact that "telephone solicitation" is defined as "the initiation of a call or message…", reasoning that "telephone call or message" "could not be interpreted in 1991 to [include] telephone call or *text* message" because text messages did not exist. *Id.* (emphasis supplied in *Jones*). Accordingly, *Jones* court concluded that "under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages." *Id.*

*Jones* is instructive here. Plaintiff asserts a single claim under Section 227(c) claim based solely on alleged text messages, not calls, she received from SUCCESS Lending to a phone number registered on the NDNCR. Compl. ¶¶ 22, 54–60. Because the prohibitions under 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c) do not apply to text messages at set forth in *Jones*, Plaintiff's claim should be dismissed. *Jones*, 2025 WL 2042764, at *4.

## CONCLUSION

WHEREFORE, SUCCESS Lending respectfully requests, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), that the Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice and provide such further relief as the Court finds just and proper.

Dated: September 2, 2025

**McGuireWoods LLP**

By: */s/ Emily Y. Rottmann*

Emily Y. Rottmann
Florida Bar No. 93154
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
erottmann@mcguirewoods.com
clambert@mcguirewoods.com
flservice@mcguirewoods.com

*Attorneys for Defendant SUCCESS Lending, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 2, 2025, which will send notice of the electronic filing to all counsel of record.

EGGNATZ PASCUCCI
Joshua H. Eggnatz, Esq.
Florida Bar No. 67926
Michael J. Pascucci, Esq.
Florida Bar No. 83397
7450 Griffin Road, Suite 230
Davie, FL 33314
(954) 889-3359
(954) 889-5913 (fax)
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com
SGizzie@JusticeEarned.com

LEHRMAN LAW
Seth M. Lehrman, Esq.
Florida Bar No. 132896
6501 Park of Commerce Blvd., Suite 253
Boca Raton, FL 33487
(754) 778-9660
Seth@Lehrmanlaw.com
*Attorneys for Plaintiff Stephen McWilliam and Class*

*/s/ Emily Y. Rottmann*
Attorney